NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
:
IN RE ROYAL DUTCH/SHELL            :         Civ. No. 04-374 (JAP)
TRANSPORT SECURITIES             :         (Consolidated Cases)
LITIGATION                                   :
                                                   :         **OPINION**
_____:

On April 17, 2008, the Court entered an Opinion and Order denying a motion for an award of attorneys' fees and costs on a percentage-of-recovery basis by Keefe Bartels & Clark LLC ("KBC") for its service as liaison counsel in a consolidated putative class action. (Dkt. # 491 & 492). Presently, KBC moves for partial reconsideration of that Opinion and Order. Lead Counsel Bernstein Liebhard & Lifshitz, LLP ("BLL") opposes the motion. For the following reasons, the Court grants in part and denies in part KBC's motion for partial reconsideration.

**I.     BACKGROUND**

On April 17, 2008, the Court denied KBC's motion for an award of attorneys' fees based on a percentage-of-recovery basis. Rather, the Court held that KBC may seek to recover its fees and costs on a *quantum meruit* basis. Having defined the issues presented, the Court referred the dispute to a panel of three court-appointed arbitrators to make all factual findings necessary to calculate the amount of fees and costs to which KBC is entitled under a theory of *quantum meruit*. Nevertheless, the Court made a factual finding as to KBC's claim for compensation based on its substantive work performed in connection with the so-called "mini-trial." The Court ultimately concluded, based on the factual record provided, that KBC may not seek remuneration for that work. *In re Royal Dutch/Shell Transport Securities Litigation*, 04-374, Opinion at 20-21

(D.N.J. April 17, 2008).

KBC now moves to have the Court reconsider that Opinion and Order. First, KBC argues that the Court should reconsider its conclusion that KBC may recover its attorneys' fees on a *quantum meruit* basis. Rather, KBC submits that it is entitled to compensation on a lodestar-plus-reasonable-multiplier basis. Second, KBC seeks the Court to vacate its conclusion that no dispute of fact exists as to whether KBC may recover fees for its substantive preparation for the mini-trial. Thus, KBC would have the Court permit the appointed arbitrators to consider the record to determine whether KBC is entitled to recover for that substantive work performed in connection with the mini-trial. BLL opposes the motion, contending that KBC has not provided a proper basis for the Court to reconsider its Opinion and Order. Furthermore, BLL argues that, even if the Court were to reconsider its determinations, KBC has not adequately shown that a different result is warranted.

## II.  DISCUSSION

### A.  Standard of Review on Motion for Reconsideration

In New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). L. Civ. R. 7.1(i). A district court exercises discretion on the issue of whether to grant a motion for reconsideration. *N. River Ins. Co. v. Cigna Reins. Co.*, 52 F.3d 1194, 1203 (3d Cir. 1995). A court may grant a motion for reconsideration if the moving party establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *Id.* at 1218 (internal quotation and editing marks omitted). The party seeking reconsideration bears a heavy burden and "must show more than a disagreement with the Court's

decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). Further, the moving party's burden requires more than a mere "recapitulation of the cases and arguments considered by the court before rendering its original decision[.]" *Ibid.* (internal quotation marks omitted).

    **B.**    **Analysis**

KBC presently invokes the third permissible ground to seek a reconsideration: the need to correct clear error of law or prevent manifest injustice. KBC points to two potential errors in the Court's April 17, 2008 Opinion and Order: (1) the application of the theory of *quantum meruit* and (2) the conclusion that KBC may not recover fees and costs associated with its substantive preparation for the mini-trial. KBC essentially seeks the Court to permit KBC to recover its fees and costs under a lodestar analysis and to present to the panel of arbitrators its claim for compensation based on the entirety of its efforts in connection with the mini-trial.

In respect of KBC's first contention, the Court finds that KBC has not shown that reconsideration is warranted. Significantly, whether KBC recovers its fees and costs on a *quantum meruit* basis or on a lodestar basis is a distinction without a difference. Indeed, KBC seeks compensation based on its lodestar *plus* a multiplier. However, the panel of arbitrators, as fact-finders, are fully capable of considering whether any additional sums, if any, is owed to KBC.[1] Thus, the Court finds that there is no need to correct clear error of law or prevent manifest injustice by reconsidering its decision to permit KBC to be compensated under a theory of *quantum meruit*.

Nevertheless, the Court finds that KBC has adequately presented the need to correct a

---

[1] The arbitrators may also take into account that BLL recovered its compensation based on a negative multiplier.

potential clear error of law resulting from the Court's decision on the factual issue of whether KBC may make a claim for compensation based on its substantive efforts in connection with the mini-trial.  Although the Court, in its April 17, 2008 Opinion, concluded that KBC may not assert such a claim, the Court cannot presently determine that no dispute of fact exists as to this issue.  As a result, the Court determines that such factual disputes are better reserved for the fact-finders—the appointed panel of arbitrators.  Accordingly, the Court modifies its April 17, 2008 Opinion and Order to withdraw its finding of fact in respect of KBC's entitlement to compensation based on its substantive preparation for the mini-trial.

### III.   CONCLUSION

For the reasons expressed above, the Court denies in part KBC's motion for partial reconsideration of the Court's April 17, 2008 Opinion and Order to the extent KBC seeks to recover its compensation on a lodestar basis.  The Court, however, grants in part KBC's motion and reconsiders the Court's conclusion that KBC may not proffer a claim to the panel of arbitrators to recover fees and costs associated with the mini-trial preparation.  Accordingly, KBC may present to the arbitrators all factual disputes regarding its remuneration claim, including its claim based on the work it performed in connection with the mini-trial.  An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  May 21, 2008