

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE ROYAL DUTCH/SHELL TRANSPORT SECURITIES LITIGATION | Civil Action No. 04-374 (JAP)<br>(Consolidated Cases)<br>Hon. Joel A. Pisano |

## ORDER APPROVING SETTLEMENT

WHEREAS, the Class Representatives[1] and the Settling Companies entered into a May 13, 2008 Stipulation of Settlement filed with this Court on June 17, 2008; and

WHEREAS, on June 17, 2008, the Court entered its Findings and Order Preliminarily Certifying a Class for Settlement Purposes and Preliminarily Approving Proposed Settlement (the "Preliminary Approval Order") in which the Court preliminarily certified a class in this Action for settlement purposes under Fed. R. Civ. P. 23(b)(3), ordered individual and publication notice be provided to Class Members, scheduled a Fairness Hearing for September 26, 2008 and provided Class Members with an opportunity to object to, or exclude themselves from, the proposed settlement; and

WHEREAS, the Court held a Fairness Hearing on September 26, 2008 to determine, among other things, whether to give final approval to the Settlement Agreement; and

---

1. Unless otherwise specifically defined in this Order, the capitalized terms have the same meaning as attributed to them in the May 13, 2008 Settlement Agreement. The relevant definitions are set out in Appendix A.

WHEREAS, the Court is contemporaneously issuing a Judgment under Fed. R. Civ. P. 58 that, among other things, finally certifies a settlement Class, approves the Settlement Agreement and dismisses the Class Members' claims with prejudice as to all defendants;

NOW THEREFORE, based on the submissions of the Settling Parties, on the argument of counsel at the Fairness Hearing, and on this Court's Findings of Fact and Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Settlement Documents** – This Order Approving Settlement (the "Order") incorporates and makes a part hereof:

    a. The Stipulation of Settlement entered into on May 13, 2008 and

    b. Exhibits A through J to the Stipulation of Settlement.

The Stipulation of Settlement and all exhibits thereto shall be referred to collectively as the "Settlement Agreement."

2. **Jurisdiction** – The Court has personal jurisdiction over all Class Members (as defined below) and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the Settlement Agreement and the Settlement Distribution Plan, grant final certification of the Class for settlement purposes and dismiss the Action with prejudice; *provided however*, that nothing in this paragraph 2 shall constitute a basis for nor give rise to personal jurisdiction over the Settling Companies or any of the Companies whose principal places of business are located outside of the United States to the extent such jurisdiction does not already exist (such jurisdiction existing as to the Settling Companies with respect to the Settlement Agreement).

3. **Final Class Certification**

a. The Lead Plaintiffs appointed by this Court on June 30, 2004, pursuant to 15 U.S. C. § 78u-4(a)(3), are hereby appointed, for settlement purposes only, as Class Representatives in respect of the Class for purposes of Federal Rule of Civil Procedure 23. Bernstein Liebhard & Lifshitz, LLP, which was appointed by the Court to serve as Lead Counsel on June 30, 2004, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), is hereby appointed, for settlement purposes only, as counsel for the Class pursuant to Federal Civil Procedure 23(c)(1)(B) and (g).

b. The Class that this Court preliminarily certified in the Preliminary Approval Order is hereby finally certified for settlement purposes under Fed. R. Civ. P. 23(b)(3). The Class consists of all persons or entities who, from April 8, 1999 through March 18, 2004, inclusive, (*i*) purchased stock or stock equivalents (including American Depositary Receipts) issued by Royal Dutch Petroleum Company ("Royal Dutch") or The "Shell" Transport and Trading Company, p.l.c. ("Shell Transport"), Royal Dutch or Shell Transport call options (or like instruments), or Royal Dutch or Shell Transport put options (or like instruments) on a United States exchange or market, and/or (*ii*) purchased Royal Dutch or Shell Transport stock or stock equivalents, Royal Dutch or Shell Transport call options (or like instruments), or Royal Dutch or Shell Transport put options (or like instruments) on one or more exchanges or markets outside the United States and at the time of purchase, were residents or citizens of, or were incorporated in or created under the laws of, the United States (including its states, territories and possessions); *provided however*, that persons and entities who purchased United States Shares and at the time of such purchase, were residents or citizens of, or were incorporated in or created under the laws of, any Forum other than the United States (including its states, territories and possessions) shall be Class Members only with respect to their purchase of United States Shares

3

and not with respect to any Home Exchange Shares they purchased. The Class certified for settlement purposes in this Action shall not include:

    (1)    such persons or entities who submitted valid and timely requests for exclusion from the Class in accordance with the procedures set out in paragraph 10 of the Preliminary Approval Order;

    (2)    such persons or entities who settled an actual or threatened lawsuit or other proceeding with the Companies, or any of them, and released the Companies from any further claims concerning the recategorization of certain of the Companies' oil and gas reserves;

    (3)    any person or entity that is a defendant in the Action;

    (4)    any entity in which a defendant in the Action has a Controlling Interest;

    (5)    any person or entity that has a Controlling Interest in a defendant in this Action, or

    (6)    the officers, directors, Affiliates, legal representatives, heirs, predecessors, successors or assigns of any defendant in this Action.

4.     **Issue for Certification** -- The issue that the Court is deciding on a class-wide basis is whether the terms of the settlement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and governing law construing that Rule. In making that determination, the Court also has considered – as discussed in paragraph 6 below – whether proper notice of the settlement was given under Fed. R. Civ. 23(c)(2)(B) and 23(e)(1) to the settlement Class and any other relevant persons so that the settlement's terms will have binding effect, as discussed in paragraph 11 below.

5. **Adequacy of Representation** – Class Representatives and Class Counsel have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g) and the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **Notice** – The Court finds that the Notice, Summary Notice and Claim Form were simply written and readily understandable, and that the Notice, Summary Notice and notice methodology: (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the claims in the Action, their ability to have access to discovery materials produced to the Class Representatives by the defendants, their right to object to the proposed settlement and to appear at the Fairness Hearing, and their right to exclude themselves from the Class, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

7. **Final Settlement Approval** – The three objections that were submitted regarding the Settlement Agreement, the Attorneys' Fees Award and/or the Attorneys' Expenses Award are hereby overruled and denied. The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Settling Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the

Court and any other applicable law. The Settling Parties and their counsel are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

8.  **Settlement Distribution Plan** – The Settlement Distribution Plan is approved as a fair and reasonable method to allocate the settlement proceeds among Class Members, and the Settling Parties, through the Court-approved Administrator, are directed to implement and administer the Settlement Distribution Plan in accordance with its terms and provisions.

9.  **Participation of ERISA Plans** – The Court finds that (*i*) among the Members of the Class on whose behalf Class Representatives have asserted claims for relief under the federal securities laws are certain ERISA plans associated with the Settling Companies (the "ERISA Plans"), (*ii*) the settlement of this Action arises from a genuine controversy between the Class Members and the Settling Companies, is not the result of collusion, and was not procured by fraud or misrepresentation, (*iii*) the Settlement Agreement was negotiated by the Court-appointed Class Counsel, who have acted in the best interest of Class Representatives and the Class, which includes the ERISA Plans, in negotiating the Settlement Agreement vigorously and at arm's length, (*iv*) Class Counsel has no relationship to, or interest in, any of the defendants that might affect their judgment as counsel for Class Representatives or Class Members, (*v*) the interests of Class Representatives and the nature of their claims are identical with those of the Class, which includes the ERISA Plans, (*vi*) the ERISA Plans do not have any additional or independent claims that arise out of the Claims made in this Action above and beyond those asserted by Class Representatives on behalf of Class Members, and the ERISA Plans' participation in the Settlement Agreement is not less favorable than that of Class Representatives and other Class Members, (*vii*) the Settlement Agreement is not part of an agreement, arrangement or understanding designed to benefit Shell, but rather is designed to benefit Class Representatives

6

and Class Members (including the ERISA Plans), as well as Home Exchange Purchasers, (*viii*) an independent fiduciary retained by the relevant ERISA Plans has concluded that relief provided by the Settlement Agreement is reasonable in light of the ERISA Plans' likelihood of full recovery, the risks and costs of litigation, and the value of the claims foregone, and the fiduciary has thus determined that the ERISA Plans should participate in the Settlement Agreement without objecting to any of its provisions and (*ix*) accordingly, the negotiation and consummation of the Settlement Agreement by Class Representatives on behalf of the Class Members, which includes the ERISA Plans, satisfy the conditions of the class exemption published by the Department of Labor at 68 Fed. Reg. 75632 (Dec. 31, 2003), and, in any event, do not constitute "prohibited transactions" as defined by ERISA §§ 406(a)-(b), 29 U.S.C. §§ 1106(a)-(b).

10. **Supplemental Settlement Amounts** – The Court finds that

   a. to the extent the Home Exchange Share Percentage (as calculated pursuant to Section I.A.49 of the Settlement Agreement) is greater than 3%, payment of the Supplemental Home Exchange Settlement Amount (as set out in Section III.C of the Settlement Agreement) is necessary to correct a disproportionate receipt of settlement relief by Home Exchange Purchasers under the Non-U.S. Settlement Agreement; and

   b. if, within one thousand ninety-five (1,095) days following the Execution Date, the Settling Companies agree to pay or cause to be paid an Additional Non-U.S. Settlement Amount and the Dutch Court subsequently issues a Non-U.S. Settlement Binding Declaration, payment of the Supplemental Upside Protection Amount (as set out in Section III.E of the Settlement Agreement) is necessary to correct a disproportionate receipt of settlement relief by Home Exchange Purchasers under the Non-U.S. Settlement Agreement.

11. **Binding Effect** – The terms of the Settlement Agreement and of this Order and the accompanying Judgment shall be forever binding on the Settling Companies, the Class Representatives and all Class Members, as well as their heirs, executors, administrators, beneficiaries, predecessors, successors, Affiliates and assigns as to all claims and issues that have or could have been raised in this Action.

12. **Termination of the Settlement Agreement** – In the event the Settlement Agreement is terminated as provided in Section XIV of the Settlement Agreement, all terms and conditions set out in the Settlement Agreement other than the terms set out in Section XIV.D shall become null and void and of no further force and effect. The Settlement Agreement shall not be used or referred to for any purpose whatsoever in this or any proceeding, and all negotiations and proceedings relating to the Settlement Agreement shall be deemed to be withdrawn without prejudice as to the rights of each of the Settling Parties, who shall be restored to their respective positions as of May 13, 2008.

13. **Release** – The Release as set forth in Section X.A of the Settlement Agreement (and as set out in Appendix B to this Order) is expressly incorporated herein in all respects. The Release shall be effective as of the Approval Date; *provided however*, that notwithstanding anything in the Settlement Agreement, the Release or the Claim Form, the Release shall not bar Class Members from receiving relief with respect to their Home Exchange Shares pursuant to the terms of the Non-U.S. Settlement Agreement.

14. **Permanent Injunction** – All Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, Affiliates and assigns), any person or entity claiming by or through a Class Member, and any person or entity representing any or all Class Members, are permanently enjoined from filing, commencing, prosecuting, intervening in,

participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding against any or all Releasees or order in any jurisdiction entered against any or all Releasees that is based upon, arises out of or relates to any Released Claims. All persons or entities are permanently enjoined from organizing any Class Members for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include claims that are based upon, arise out of or relate to any Released Claims, or by seeking class certification in a pending action) any other lawsuit against any or all Releasees that is based upon, arises out of or relates to any Released Claims.

15. **Contribution Bar Order** – In accordance with 15 U.S.C. § 78u-4(f)(7)(A), any and all claims for contribution arising out of any Released Claim, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint (*i*) by any person or entity against the Settling Companies and (*ii*) by the Settling Companies against any person or entity other than as set out in 15 U.S.C. § 78u-4(f)(7)(A)(ii), are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable. Accordingly, without limitation to any of the above, (*i*) all persons and entities are hereby permanently enjoined from commencing, prosecuting, or asserting against any of the Settling Companies any such claim for contribution and (*ii*) the Settling Companies are hereby permanently enjoined from commencing, prosecuting, or asserting against any person or entity any such claim for contribution. In accordance with 15 U.S.C. § 78u-4(f)(7)(B), any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity shall be reduced by the greater of (*i*) an amount that corresponds to the percentage of responsibility of the Settling Companies for the loss to the Class or a Class Member or (*ii*) the amount paid by or on behalf of the Settling Companies to the Class in

connection with the Settlement Agreement. However, notwithstanding anything stated in this Contribution Bar Order or in the Settlement Agreement, in the event that any person or entity commences against any of the Releasees any claim for contribution that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint, and such claim is not barred pursuant to this paragraph 15 or is otherwise not barred by the Contribution Bar Order, neither the Contribution Bar Order nor the Settlement Agreement shall bar claims by that Releasee against such petitioner.

16. **Complete Bar Order** – The Court finds that the Settlement Agreement represents a good faith settlement of all Released Claims of all Class Members sufficient to discharge the Settling Companies and the Releasees of all Released Claims of all Class Members. In order to effectuate such settlement, the Court hereby enters the following bar:

a. Any and all persons and entities are permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any Releasee arising under state, federal or common law, however styled (whether for indemnification or contribution or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation), where the alleged injury or damage to such person or entity is that person's or entity's alleged liability to the Class or a Class Member, whether such claim is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which a person or entity seeks to recover from any of the Releasees (*i*) any amounts such person or entity may become liable to pay to the

Class or any of the Class Members and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or any of the Class Members. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary. The provisions of this paragraph 16.a are intended to preclude any liability of any of the Releasees to any person or entity for indemnification, contribution, or otherwise respecting any claim based upon, arising out of, or relating to any Released Claim belonging to the Class or a Class Member, where the alleged injury or damage to such person or entity is that person's or entity's alleged liability to the Class or a Class Member in the Action, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint; *provided* that, with respect to any judgment against any person or entity on behalf of the Class or such Class Member based upon, arising out of, or relating to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint, that person or entity shall be entitled to a credit of the greater of (*i*) an amount that corresponds to the percentage of responsibility of the Settling Companies for the loss to the Class or such Class Member or (*ii*) the aggregate amount of all payments made under Sections III.A through III.H of the Settlement Agreement; *provided further* that nothing in this Complete Bar Order shall prevent a putative Class Member who validly requested exclusion from the Class from pursuing any claim other than a claim barred by the Contribution Bar Order against any Releasee where such claim is based upon, arises out of, or relates to any Released Claim, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint. If any provision of this paragraph 16.a is subsequently

held to be unenforceable, such provision shall be substituted with such other provision as may be necessary to afford all of the Releasees the fullest protection permitted by law from any claim that arises out of or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint.

    b. Each and every Releasee is permanently barred, enjoined and restrained from commencing, prosecuting or asserting any claim against any person or entity (including any other Releasee) arising under state, federal, or common law, however styled (whether for indemnification or contribution, or otherwise denominated, including, without limitation, claims for breach of contract and for misrepresentation), where the alleged injury or damage to the Releasee is the Releasee's alleged liability to the Class or a Class Member, whether such claim is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, including, without limitation, any claim in which the Releasee seeks to recover from any person or entity, including another Releasee, (*i*) any amounts such Releasee has or may become liable to pay to the Class or any of the Class Members and/or (*ii*) any costs, expenses, or attorneys' fees from defending any claim by the Class or by any of the Class Members. All such claims are hereby extinguished, discharged, satisfied and unenforceable. However, notwithstanding anything stated in this Complete Bar Order or in the Settlement Agreement, if any person or entity commences against any of the Releasees any action asserting a claim that is based upon, arises out of, or relates to any Released Claim belonging to the Class or a Class

Member, including, but not limited to, any claim that is based upon, arises out of or relates to the Action, or the transactions and occurrences referred to in the Complaint, and if such claim is not barred by a court pursuant to paragraphs 15 and/or 16.a above or is otherwise not barred by the Complete Bar Order, neither the Complete Bar Order nor the Settlement Agreement shall bar claims by that Releasee against such person or entity.

17. **No Admissions** – Neither this Order and the accompanying Judgment nor the Settlement Agreement, nor any of the provisions of the Settlement Agreement or any negotiations leading to its execution, nor any other documents referred to in this Order or the accompanying Judgment, nor any action taken to carry out this Order and the Judgment is, may be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding, or may be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including but not limited to the Settling Companies, or as a waiver by the Settling Companies of any applicable defense. Entering into, or carrying out the terms of, the Settlement Agreement, and any negotiations or proceedings related to it, shall not under any circumstances be construed as, offered as, received as, used as or deemed to be evidence of, an admission or concession as to the Class Representatives or any Class Members that any of their claims are without merit, or that the Settling Companies' denials or defenses are meritorious, and shall not be offered or received in evidence in this Action, any other action, or any other judicial, administrative, regulatory or other proceeding against any Settling Party hereto for any purpose whatsoever, except as evidence of the terms of the Settlement Agreement or to enforce the provisions of this Order, the accompanying Judgment or the Settlement Agreement; *provided however*, that this

Order, the accompanying Judgment and the Settlement Agreement may be filed in any action against or by the Settling Companies or other Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

18.   **Enforcement of Settlement** – Nothing in this Order or the accompanying Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

19.   **Attorneys' Fees Award and Attorney's Expenses Award** – Class Counsel are hereby awarded Attorneys' Fees in the amount of $30,000,000.00 and Attorneys' Expenses in the amount of $3,000,000.00, which amounts the Settling Companies shall pay or cause to be paid in accordance with the terms of the Settlement Agreement. In no event will the Attorneys' Fees Award or the Attorneys' Expenses Award be subtracted from any amounts due under Sections III.A through III.F of the Settlement Agreement.

20.   **Class Representatives' Expense Award** – Pursuant to 15 U.S.C. § 78u-4(a)(4), the Court hereby awards to the Class Representatives' expenses in the amount of $150,000.00 to compensate the Class Representatives for their reasonable costs and expenses directly relating to their representation of the Class. In no event will the Class Representatives' Expense Award be subtracted from any amounts due under Sections III.A through III.F of the Settlement Agreement.

21.   **No Other Payments** – Paragraphs 19 and 20 of this Order cover, without limitation, any and all claims for attorneys' fees, attorneys' expenses, Class Representatives' expenses, costs or disbursements incurred by Class Counsel or any other counsel of record representing Class Members in this Action, or incurred by the Class Representatives or Class

Members, or any of them, in connection with or related in any manner to this Action, the settlement of this Action and the administration of the Settlement Agreement except to the extent otherwise specified in this Order, the accompanying Judgment and the Settlement Agreement.

22. **Modification of Settlement Agreement** – The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement that are not materially inconsistent with this Order and the accompanying Judgment and do not materially limit the rights of Class Members under the Settlement Agreement; *provided* that a decision by Class Representatives to modify the Settlement Distribution Plan shall not be deemed to be a change that materially limits the rights of Class Members under the Settlement Agreement to the extent such modification involves an amount that is equal to or less than ten percent (10%) of the Net Cash Settlement Amount.

23. **Findings of Fact and Conclusions of Law** – The Settling Parties have been directed jointly to prepare proposed findings of fact and conclusions of law in support of the Court's Judgment and this Order.

24. **Retention of Jurisdiction** – The Court has jurisdiction to enter this Order and the accompanying Judgment. Without in any way affecting the finality of this Order or the accompanying Judgment, this Court expressly retains exclusive and continuing jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement, and of this Order and the accompanying Judgment, and for any other necessary purposes, including, without limitation:

   a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Order or the Judgment (including, without limitation,

15

whether a person or entity is or is not a Class Member, and whether claims or causes of action allegedly related to this Action are or are not barred by the Judgment or Release);

  b. entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the accompanying Judgment, including, without limitation, any order needed to (*i*) dismiss the Complaint with prejudice, (*ii*) permanently enjoin Class Members from initiating or pursuing related proceedings or (*iii*) ensure the fair and orderly administration of this Settlement Agreement; and

  c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; *provided, however*, that nothing in this paragraph 24 is intended to restrict the ability of the parties to exercise their rights under paragraph 22 of this Order; *provided further* that nothing in this paragraph 24 shall constitute a basis for nor give rise to personal jurisdiction over the Settling Companies or any of the Companies whose principal places of business are located outside of the United States to the extent such jurisdiction does not already exist (such jurisdiction existing as to the Settling Companies with respect to the Settlement Agreement).

 25. **Rule 11 Findings** – The Court finds that the Complaint was filed as to all defendants (including those who were dismissed from the Action prior to the execution of the Settlement Agreement) on a good faith basis and in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

 26. **Dismissal of Action** – This Action, including all individual claims and Class claims resolved by it, is hereby dismissed on the merits and with prejudice as to all defendants,

without fees or costs to any Settling Party except as otherwise provided in this Order, the accompanying Judgment and the Settlement Agreement.

27. **Entry of Judgment** – The Court will separately enter the accompanying Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this 26 day of Sept, 2008.

_____
HONORABLE JOEL A. PISANO
UNITED STATES DISTRICT COURT JUDGE