UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
FEB 17 2011
AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN RE ROYAL DUTCH/SHELL ) Civil Action No. 04-374 (JAP)
TRANSPORT SECURITIES LITIGATION ) (Consolidated Cases)
) Hon. Joel A. Pisano

## [PROPOSED] AGREED ORDER APPROVING PAYMENT OF SUPPLEMENTAL HOME EXCHANGE SETTLEMENT AMOUNT

WHEREAS, Lead Plaintiffs, the Pennsylvania State Employees' Retirement System and the Pennsylvania Public School Employees' Retirement System, and defendants, Royal Dutch Petroleum Company and The "Shell" Transport and Trading Company p.l.c. (collectively "Shell") entered into a May 13, 2008 settlement agreement that resolved all claims made in this consolidated class action (the "US Settlement"); and

WHEREAS, the Précis to the US Settlement states the parties' intention that Class Members under the US Settlement receive settlement relief that is consistent with relief provided to shareholders under an April 17, 2007 settlement agreement (the "Non-US Settlement") that was executed between Shell and shareholders who purchased their shares on non-US exchanges and, at the time of such purchases, were residents or citizens of, or were incorporated in or created under the laws of any forum other than the United States (including its states, territories and possessions) ("Home Exchange Purchasers"); and

WHEREAS, the Précis also states that the aggregate amount of settlement relief that Shell would pay under the two settlement agreements is to be divided between purchasers

covered by the US Settlement Agreement and those covered by the Non-US Settlement Agreement in the ratio of 79.9 to 340.1, respectively; and

WHEREAS, the 79.9 to 340.1 ratio assumes that US citizens and US-incorporated entities who are Class Members under the US Settlement Agreement ("US Overseas Purchasers") purchased approximately 3% of their shares on non-US exchanges; and

WHEREAS, the US Settlement Agreement provides that, if more than 3% of US Overseas Purchasers purchased their shares on non-US exchanges, Shell will make an additional settlement payment (of an amount up to $10,500,000) as long as the Court finds that such payment is necessary to correct a disproportionate receipt of settlement relief by Home Exchange Purchasers under the non-US Settlement Agreement; and

WHEREAS, a key factor in the calculation of the Supplemental Home Exchange Settlement Amount payment is demonstrating that the Class Members included in the calculation were citizens of the United States or entities incorporated under the laws of the United States (or its states, territories or possessions) at the time they made their share purchases ("US Entities"); and

WHEREAS, the claims administrator has calculated the Supplemental Home Exchange Settlement Amount to be $10,500,000, but Shell's economic expert, which disputes that all of the entities included in the claims administrator's calculation are US Entities, has calculated the Supplemental Home Exchange Amount that is due to be between $6,365,009 and $7,504,598; and

WHEREAS, the parties have agreed that it is in the best interests of the Class to resolve their dispute regarding the amount of the Supplemental Home Exchange Settlement Agreement

to be paid by Shell and have thus agreed to a Supplemental Home Exchange Settlement Amount payment in the amount of $8,020,000; and

WHEREAS, the parties have filed a joint motion in which they have stated their reasons for believing that $8,020,000 is a fair, reasonable and adequate amount to be paid under the Supplemental Home Exchange Settlement Amount provisions, including that (*i*) Shell's economic expert has calculated that the amount due may be as low as $6,365.009, (*ii*) Shell's economic expert has calculated that the largest payment amount that would be due based on the current data is $7,504,598, (*iii*) the claims administrator has calculated that the amount due is $10,500,000; (*iv*) settlement relief cannot be distributed to the Class until the Supplemental Home Exchange Settlement Amount is paid, (*v*) the Class is losing and will continue to lose the time value of the Supplemental Home Exchange Amount until such amount is paid because Shell is not obligated to pay interest on the amount and (*vi*) Lead Plaintiffs believe that they will be in a position to move the Court for permission to distribute the settlement relief to Class Members soon after the Supplemental Home Exchange Settlement Amount is paid.

NOW THEREFORE, based on the joint motion of Lead Plaintiffs and Shell and the arguments made therein, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Shell's payment of $8,020,000 in additional settlement relief will fulfill and discharge Shell's obligation under the Supplemental Home Exchange Settlement Amount provisions of the US Settlement Agreement.

2. The payment of $8,020,000 in additional settlement relief under the Supplemental Home Exchange Settlement Amount provisions of the US Settlement Agreement is fair, reasonable and adequate and in the best interests of the Class.

3. The payment by Shell of $8,020,000 under the Supplemental Home Exchange Settlement Amount provisions of the US Settlement Agreement is necessary to correct a disproportionate receipt of settlement relief by those persons and entities who will receive settlement relief under the non-US Settlement Agreement.

4. Within twenty (20) business days (as that term is defined in the US Settlement Agreement) after this order becomes final, Shell shall pay or cause to be paid $8.020,000 by wire transfer pursuant to wire transfer terms provided by Lead Plaintiffs.

SO ORDERED this 16th day of Feb, 2011.

_____
HONORABLE JOEL A. PISANO
UNITED STATES DISTRICT COURT JUDGE

4